IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
MAY 2000 SESSION

## ANTHONY CARLTON v. STATE OF TENNESSEE

**Post-Conviction Appeal from the Criminal Court for Shelby County**
**No. P-15785    Carolyn Wade Blackett, Presiding Judge**

**No. W1999-00407-CCA-R3-PC - Decided August 30, 2000**

The defendant, Anthony Carlton, was convicted by a Shelby County jury of attempted first-degree murder. Following this court's affirmance of that conviction, the defendant sought post-conviction relief in the Shelby County Criminal Court, and that court denied relief. On appeal, this court finds (1) the defendant did not prove that his trial counsel was ineffective for failing to advise him of his right not to testify, and (2) we are precluded from considering the adequacy of the defendant's appellate representation when that issue was not raised in the court below.

**Tenn. R. App. R. 3, Appeal as of Right; Judgment of the Criminal Court of Shelby County is Affirmed**

SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., and ROBERT W. WEDEMEYER, J., joined.

Robert B. Gaia, Memphis, Tennessee, attorney for the appellant, Anthony Carlton.

Paul G. Summers, Attorney General and Reporter and Patricia C. Kusman, Assistant Attorney General, attorneys for the appellee, State of Tennessee.

**OPINION**

.

**Factual Background**

The facts adduced at trial were summarized by this court following the defendant's direct appeal:

The evidence at trial established that the defendant, along with a man identified only as "Chris", shot the victim, Beverick Phillips. The defendant shot the victim with a .38 caliber automatic and "Chris" shot the defendant with a .22 caliber automatic. Shell casings from both weapons were found near the victim. A third male, indicted as a codefendant in this case, was convicted of criminal attempt [to commit] murder in the second degree. Proof was offered that this defendant and "Chris" kicked the

victim in his upper body and face after he had been shot.  As a result of the shooting, the victim is paralyzed from the top of his thighs down.

State v. Anthony Carlton, No. 02C01-9311-CR-00254, 1994 WL 568438, at *1 (Tenn. Crim.)

App., Jackson, October 19, 1994).  The defendant was convicted of attempted first-degree murder and sentenced to twenty-five (25) years imprisonment.  Following this court's affirmance of the defendant's conviction on direct appeal, the defendant filed a post-conviction petition.[1]  Following an evidentiary hearing, the trial court denied relief. From that judgment the defendant files the instant appeal.

## Effective Assistance of Trial Counsel

On appeal, the defendant claims that he was denied the effective assistance of counsel because (1) the defendant's trial attorney failed to tell the defendant that he had a right not to testify, and (2) the defendant's appellate counsel failed to challenge the trial court's application of an enhancement factor to his sentence.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) the deficient performance was prejudicial. Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996).  In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases."  Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn.1975).  In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674 (1984).  "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley v. State, 960 S.W.2d 572, 580 (Tenn.1997).  "Moreover, on appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them." Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994).  "The burden is on the petitioner to show that the evidence preponderated against those findings." Id.

The defendant has failed to meet his burden regarding his trial counsel's alleged failure to inform the defendant that he need not testify.  At the post-conviction hearing, the defendant testified that, although he wanted to testify at trial, he would not have testified if he had known that the burden of proof was on the state.  Although the defendant here complains that his trial counsel presented contradictory testimony at the evidentiary hearing, first stating that he did not remember what he told the defendant and later testifying that he remembered advising the defendant that the defendant did not have to testify, that is not a fair reading of the record. Mr. Stepter testified at the evidentiary hearing that, although he could not specifically remember what he told the defendant,

---

[1]Actually, the defendant filed a pro-se post-conviction petition, an amended pro-se post-conviction petition, and a second amended post-conviction petition.  The second amended petition was prepared with assistance of counsel.

it was his normal practice to inform all of his clients that the burden of proof was on the state, and that, as criminal defendants, they had a right to testify but also had a right not to testify. Mr. Stepter felt certain that the defendant was no exception. Thus, the defendant's testimony and Mr. Stepter's testimony conflicted. The trial court was in a better position than this court to evaluate the witnesses' credibility, and apparently resolved the conflict in testimony against the defendant. We will not second-guess the trial court's credibility determinations here. This issue is without merit.

### Effective Assistance of Appellate Counsel

The defendant also argues that his appellate counsel was ineffective for failing to challenge the trial court's application at sentencing of a statutory enhancement factor. However, this issue was not raised in the appellant's post-conviction petition or any of its amendments, nor was it argued at the evidentiary hearing. Consequently, there was no testimony at the evidentiary hearing about the adequacy of appellate representation or why the decision was made not to raise the issue on appeal. Further, the trial court made no findings of fact regarding the adequacy of representation on appeal. We are thus precluded from considering this issue. Tenn. R. App. P. 36(a). Marise E. Smith v. State, No. 01C01-9708-CR-00342 (Tenn. Crim. App., September 2, 1999, at Nashville).

Moreover, given the remaining unchallenged enhancement factors, particularly the gravity of the injuries sustained by the victim, the sentence is entirely appropriate even discounting the factor about which the defendant complains. We are therefore unable to glean any prejudice from appellate counsel's actions. This issue has no merit.

Consequently, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

-3-